IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01762-BNB

KYLE HOUSTON, a.k.a. DEUHUE,

    Plaintiff,

v.

THE STATE OF COLORADO,
DENVER DISTRICT COURT JUDGE GLORIA A. RIVERA,
JUDGE HERBERT STERN,
THE COLORADO ATTORNEY GENERAL OFFICE,
KEN SALAZAR,
JOSEPH P. SANCHEZ,
COLORADO DEPARTMENT OF CORRECTION,
A.F.-STANLEY,
JOE WHITE,
CHRISTINE MOSCHETTI,
CATHIE HOLST,
BARRY PARDUS,
JOE ORTIZ,
DIVISION OF COMMUNITY CORRECTION HEADQUARTER,
JEANEENE MILLER, and
INDEPENDENCE HALFWAY HOUSE DIRECTOR DOUG CURRAGAN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 0 2008

GREGORY C. LANGHAM
              CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Kyle Houston is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983.

The Court must construe the Complaint liberally because Mr. Houston is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Houston will be ordered to file an Amended Complaint.

The Court finds that Plaintiff's allegations fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Houston's claims for the most part are repetitive and illegible. The Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). The Court will attempt, however, to summarize Mr. Houston's claims. Plaintiff appears to assert that his sentence was discharged on December 19, 2004, but that he was illegally taken into custody after December 19 and was injured by the Denver County Sheriffs when he was taken into custody. Plaintiff seeks money damages for his injury, medical conditions that have resulted due to the injury, and for false imprisonment.

With respect to any claims that Plaintiff sets forth regarding his alleged false imprisonment, his claims for money damages are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87.

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," **Beck v. City of Muskogee**, 195 F.3d 553, 558 (10th Cir. 1999), to recover compensatory damages Plaintiff must prove not only that the search was unlawful, but that it caused him an actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, **Heck**, 512 U.S. at 487 n. 7.

3

To the extent that the Court is able to read Mr. Houston's claims, he does not allege that he has invalidated his sentence. He also does not assert that the search caused him actual, compensable injury that encompasses any injury other than the fact that he is falsely imprisoned. Therefore, the claim for damages challenging the validity of his criminal conviction is barred by **Heck**.

Furthermore, to the extent that the Court is able to read Mr. Houston's medical claims, he fails to allege how any of the named Defendants were responsible for the constitutional violations he asserts. Plaintiff must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See **Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).* To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See **Kentucky v. Graham**, 473 U.S. 159, 166 (1985).* There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).* A named defendant may not be held liable merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969).* To the extent that Plaintiff may state a constitutional violation by Defendants but fails to meet

4

the requirements of Fed. R. Civ. P. 8, the Court will allow Mr. Houston the opportunity to file an Amended Complaint. In order for Plaintiff "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Houston also is instructed that pursuant to Rules 10.1E., G., and J. of the Local Rules of Practice for the United States District Court for the District of Colorado, all filings submitted to the Court must be double-spaced, legible, and identify each party listed in the caption on a separate line.

Plaintiff is further reminded that he remains responsible for payment in full of the $350.00 filing fee. Plaintiff is required to submit monthly payments of twenty percent of the preceding month's income credited to his trust fund account or show cause each month as to why he has no assets and no means by which to make the monthly payment. If Plaintiff fails to show cause or have the monthly payment sent to the Clerk of the Court the Complaint will be dismissed without further notice. Accordingly, it is

ORDERED that Mr. Houston file **within thirty days from the date of this Order** an original and a copy of an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and the Local Rules as discussed in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Houston, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Houston submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Houston fails to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED January 30, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01762-BNB

Kyle Lee Houston
Prisoner No. 62173
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/30/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk