IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01762-BNB

KYLE HOUSTON, a.k.a. DELIHUE,

    Plaintiff,

v.

THE STATE OF COLORADO,
JUDGE GLORIA A. RIVERA, Denver District Court,
JUDGE HERBERT STERN,
THE COLORADO ATTORNEY GENERAL'S OFFICE,
KEN SALAZAR,
JOSEPH P. SANCHEZ,
COLORADO DEPARTMENT OF CORRECTIONS,
A. F. STANLEY,
JOE WHITE,
CHRISTINE MOSCHETTI,
CATHIE HOLST,
BARRY PARDUS,
JOE ORTIZ,
DIVISION OF COMMUNITY CORRECTION HEADQUARTERS,
JEANEENE MILLER, and
DOUG CURRAGAN, Independence Halfway House Director,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 25 2008

GREGORY C. LANGHAM
              CLERK

## ORDER OF DISMISSAL

Plaintiff Kyle Houston, a.k.a. Delihue, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility. Plaintiff initiated this action by filing a Letter with the Court regarding a tort claim that he seeks to file. As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, Magistrate Judge Boyd N. Boland reviewed the Letter and determined that Plaintiff was attempting to file a Prisoner Complaint. Plaintiff was instructed to file his claims on a Prisoner

Complaint form and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff filed the Prisoner Complaint and the Motion and Affidavit on October 24, 2007. On October 25, 2007, Magistrate Judge Boyd N. Boland granted Mr. Houston's Motion to proceed pursuant to 28 U.S.C. § 1915, ordered him to pay an initial partial filing fee of $59.00, and to pay the remaining balance of the $350.00 filing fee in monthly payments pursuant to § 1915(b)(2). On November 20, 2007, Mr. Houston paid a $59.00 initial partial filing fee.

Pursuant to § 1915(b)(2), and as he was instructed in the October 25, 2007, Order, Mr. Houston is required to make "monthly payments of 20 percent of the preceding month's income credited to [his] account" until the filing fee is paid in full. In the October 25, 2007, Order, Mr. Houston also was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. To show cause that he has no assets and no means, Mr. Houston was directed to file a current certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this action.

Following the payment of the initial partial filing fee on November 20, 2007, Mr. Houston made monthly payments on December 12, 2007, and January 9, 2008, each in the amount of $59.00. In February, Mr. Houston failed to submit a monthly payment and he failed to show cause why he has no assets and no means by which to make the monthly payment. Therefore, on March 12, 2008, Magistrate Judge Boland ordered Mr. Houston to show cause why this action should not be dismissed for failure to comply with the October 25, 2007, Order and the requirements of § 1915(b)(2).

On April 2, 2008, Mr. Houston filed a Response to Magistrate Judge Boland's March 12, 2008, Order to Show Cause. Mr. Houston concedes in the Response that he now has failed to make monthly filing fee payments or to show cause why he was unable to make monthly filing fee payments for February and for March. His explanation for his failure to stay current with his monthly obligations is that Magistrate Judge Boland, in the January 30, 2008, Order to File Amended Complaint, instructed him to "send new certified bank statement for the court to establish a new filing fee" and he was waiting for the Court to inform him of the amount of the new partial filing fee. (Resp. at 4.)

The Court has reviewed the January 30, 2008, Order. The Order does not instruct Plaintiff to file a new certified account statement. The Order reminds Plaintiff that he is required to submit monthly payments of twenty percent of the preceding month's income credited to his account or show cause each month as to why he has no assets and no means by which to make the monthly payment. Plaintiff also was reminded, in the January 30, 2008, Order, that if he fails to show cause or to make a monthly payment the Complaint will be dismissed without further notice. Nothing in the January 30, 2008, Order vacates the directives in the October 25, 2007, Order or states that a new initial partial filing fee will be determined by the Court. Mr. Houston's explanation for not submitting a payment or showing cause why he was unable to submit a payment in February and March is unconvincing.

Nonetheless, even if the January 30, 2008, Order is unclear, the March 12, 2008, Order clarifies that Plaintiff remains subject to the October 25, 2007, Order. Plaintiff, however, in his Response to the March 12, 2008, Order fails to acknowledge

3

the requirement that he needs either to submit payment for February and March or to show cause by filing a current certified copy of his account statement showing that he is has no means by which to make the monthly payment in keeping with 28 U.S.C. § 1915(b)(2). Plaintiff continues to rely on his argument that the Court has given him conflicting directives regarding monthly payments to be made against the remaining balance of the filing fee. The Court, however, finds no conflicting directives were given to Plaintiff by the Court regarding payment of the balance of the filing fee.

Plaintiff also appears to claim that he no longer has sufficient money in his account to make the monthly payments. As Plaintiff was instructed in both the October 25, 2007, Order and in the January 30, 2008, Order, if he does not have the money in his account to make a monthly payment he is required to submit a certified copy of his trust fund account statement to the Court that shows he does not have the means to make the payment. Mr. Houston has failed to comply. Therefore, the Complaint and action will be dismissed. Accordingly, it is

ORDERED that the Complaint and the action are dismissed for failure to comply with Magistrate Judge Boyd N. Boland's October 25, 2007, Order and the requirements of 28 U.S.C. § 1915(b)(2).

DATED at Denver, Colorado, this 24 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 07-cv-01762-BNB

Kyle Lee Houston
Prisoner No. 62173
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/25/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk