IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 12 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01762-BNB

KYLE HOUSTON, a.k.a. DELIHUE,

    Plaintiff,

v.

THE STATE OF COLORADO,
JUDGE GLORIA A. RIVERA, Denver District Court,
JUDGE HERBERT STERN,
THE COLORADO ATTORNEY GENERAL'S OFFICE,
KEN SALAZAR,
JOSEPH P. SANCHEZ,
COLORADO DEPARTMENT OF CORRECTIONS,
A. F. STANLEY,
JOE WHITE,
CHRISTINE MOSCHETTI,
CATHIE HOLST,
BARRY PARDUS,
JOE ORTIZ,
DIVISION OF COMMUNITY CORRECTION HEADQUARTERS,
JEANEENE MILLER, and
DOUG CURRAGAN, Independence Halfway House Director,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Kyle Houston, a.k.a. Delihue, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility. At issue is the pleading that Plaintiff filed on May 23, 2008, challenging the Court's dismissal of the instant action on April 25, 2008. The Court must construe the pleading liberally because Mr. Houston is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The pleading, therefore,

will be construed as a Motion to Reconsider. For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Houston's Motion to Reconsider was filed more than ten days after the Court's Order of Dismissal and the Judgment. The Motion, therefore, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action because Mr. Houston failed to comply with Magistrate Judge Boyd N. Boland's October 25, 2007, Order and the requirements of 28 U.S.C. § 1915(b)(2). In the Motion, Mr. Houston merely reargues the same claims that he asserted in the pleading he filed on April 2, 2008, in answer to the March 12, 2008, Order to Show Cause. Mr. Houston, therefore, fails to assert any extraordinary circumstances that support reconsideration of the April 25, 2008, Order of Dismissal.

The Court, however, will amend the April 25, 2008, Order of Dismissal to the extent that the Complaint and action will be dismissed without prejudice. Mr. Houston is reminded that because the Court will order the Complaint and action dismissed without

prejudice he may pursue his condition of confinement claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the pleading filed on May 23, 2008, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. Rule 60(b) and is denied. It is

FURTHER ORDERED that the April 25, 2008, Order of Dismissal is amended to extent that the Complaint and action are dismissed without prejudice for failure to comply with Magistrate Judge Boyd N. Boland's October 25, 2007, Order and the requirements of 28 U.S.C. § 1915(b)(2).

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01762-BNB

Kyle Lee Houston
Prisoner No. 62173
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/12/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk